◼ In the Matter of PHYLLIS SIMON, Petitioner, v COMMACK PUBLIC LIBRARY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated July 25, 1979, which, after a hearing, found the petitioner guilty of certain misconduct and dismissed the petitioner. Petition granted to the extent that the determination is annulled, on the law, with costs to petitioner, and the charge of misconduct is dismissed. After a prolonged dispute with the director of the library at which she was employed, the petitioner wrote a letter to the director, summarizing her complaints concerning her assigned duties, setting a deadline for the correction of these problems, and articulating her intent to treat the failure to remedy this situation as a constructive discharge. The petitioner, after completing her duties for the day, turned in her keys to the director and left work, never to return. The reasonable inference which may be drawn from the petitioner's action is that the petitioner resigned. The respondent library was sufficiently convinced by the logic of this inference that it apparently raised it in opposition to the petitioner's claim for unemployment benefits and was successful. Nevertheless, three months after the petitioner had left the library, the respondent served her with a notice of hearing on the charge that she had absented herself from her position without leave and without explanation. The hearing officer ruled against the petitioner on her motion to dismiss and on the substantive charge, stating: "It is evident that the dissatisfaction with a work assignment is not a proper explanation for failure to report for work." The director of the library subsequently adopted the findings of the hearing officer and dismissed the petitioner, more than eight months after she had quit. The respondent's determination must be annulled. It is clear that under the circumstances of this case, a former employee who has quit, and thereby terminated the employer-employee relationship between the parties, cannot be fired eight months later for quitting. We make no determination as to whether or not petitioner quit for good cause. Damiani, Lazer and Cohalan, JJ., concur.

Hopkins, J.P., dissents and votes to confirm the determination and dismiss the proceeding on the merits, on the ground that the determination is supported by substantial evidence.